

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2003

# Essex Ins Co v. Kennedy

Precedential or Non-Precedential: Non-Precedential

Docket 01-2327

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Essex Ins Co v. Kennedy" (2003). *2003 Decisions.* Paper 758.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/758

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2327

ESSEX INSURANCE COMPANY

v.

BRIAN KENNEDY, ET AL.,

Caroline E. Carino, Appellant

ON APPEAL FROM THE DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

(Dist. Court No.  99-cv-05634)
District Court Judge: Honorable John P. Fullam

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 10, 2003

Before: ALITO and McKEE, Circuit Judges, and SCHWARZER, Senior District Judge[*]

(Opinion Filed:   March 5,  2003)

_____

[*] Honorable William W Schwarzer, Senior District Judge, Northern District of
California sitting by designation.

OPINION OF THE COURT

PER CURIAM:

Because we write for the benefit of the parties, the background of the appeal is not set out.

Appellant Caroline E. Carino ("Carino") contests an order declaring that the Essex Insurance Company ("EIC") is not required to defend or indemnify its insured, Jay S., Inc. ("JSI"), in a civil action filed in state court by Carino. The District Court granted EIC's motion for summary judgment on the basis that Carino's claim fell within a policy exclusion entitled Assault and Battery. Carino argues that the exclusion does not apply because it was not signed and that her complaint presents triable issues that preclude the granting of a motion for summary judgment. We affirm.

Our review of a grant of summary judgment is de novo. Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 318 (3d Cir. 2000). Summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir.2001). Under Pennsylvania law, "[a]n insurer has a duty to indemnify its insured only if it is established that the insured's damages are actually within the policy coverage." Lucker Mfg. v. The Home Ins. Co., 23 F.3d 808, 821 (3d Cir. 1994). Similarly, an insurer's obligation to defend its insured ends once it learns of facts sufficient to exclude the claims

of liability from the policy's coverage. Id. at 813. Interpretation of an insurance contract is a question of law for the court. Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997) (citing Standard Venetian Blind Co. v. American Empire Ins. Co., 503 Pa. 300, 469 A.2d 563, 566 (Pa. 1983)). Accordingly, if there are no facts in the complaint that would support the inclusion of a claim within the policy's coverage, summary judgment is appropriate.

Carino's contention that the Assault and Battery exclusion does not apply because it appears in an unsigned addendum is unfounded. The declaration pages, which are signed, incorporate by reference the endorsement containing the Assault and Battery exclusion. App. 39.

Carino's second argument, that her complaint in state court seeks redress for injuries other than those she received as a result of an assault and battery, is not borne out by the language of her complaint. The complaint alleges that "[a]s a direct and proximate result of Defendant's negligence, Plaintiff was savagely assaulted and battered, causing serious bodily injury, which damages are in excess of Fifty Thousand ($50,000) Dollars." App. 15, 19. This language supports no reasonable interpretation other than the conclusion that Carino's claims for redress arose from an assault and battery.

For the foregoing reasons, we will affirm the order of the District Court dated April 24, 2001.